IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth Phinn, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 8770 |
| Midland Funding, LLC, a Delaware limited liability company, and Midland Credit Management, Inc., a Kansas corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Kenneth Phinn, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.   Plaintiff, Kenneth Phinn ("Phinn"), is a citizen of the State of Michigan, from whom Defendants attempted to collect a delinquent consumer debt that he allegedly owed for a Bluestem Brands/Fingerhut/Webbank ("Webbank") account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal

Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Midland operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as its sister company, Midland Credit Management.

6. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. MCM operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant MCM was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Midland and MCM are each authorized to conduct business in Illinois, and maintain registered agents here, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, both Defendant Midland and MCM conduct

extensive and substantial business in Illinois.

8. Moreover, Defendants Midland and MCM are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Midland and MCM both act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Phinn is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed originally for a Webbank account. At some point in time, after that debt became delinquent, Defendant Midland bought Mr. Phinn's alleged Webbank debt, and when Defendants began trying to collect the Webbank debt from him, by sending him a collection letter dated June 9, 2013, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions. A copy of Defendants' collection letter is attached as Exhibit C.

10. Accordingly, on July 19, 2013, one of Mr. Phinn's attorneys at LASPD informed Defendants, that Mr. Phinn was represented by counsel, and directed Defendants to cease contacting him, and to cease all further collection activities because Mr. Phinn was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Undeterred, Defendants sent a letter, dated October 2, 2013, directly to Mr. Phinn, that purported to resolve a credit report dispute, but which stated that money was owed and that Defendants were trying to collect the debt at issue. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on November 3, 2013, Mr. Phinn's LASPD attorney had to send Defendants yet another letter, again directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Phinn's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and trying to collect the debt (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew that Mr. Phinn was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, that Mr. Phinn was represented by counsel, and had directed a cessation of communications with Mr. Phinn (Exhibit D). By directly sending Mr. Phinn a letter (Exhibit E), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Kenneth Phinn, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Phinn, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kenneth Phinn, demands trial by jury.

Kenneth Phinn,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: December 9, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com